**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AVON TOWNSHIP ASSESSOR CHRIS DITTON, in his individual capacity and his capacity as Assessor of Avon Township, CYNTHIA L. BRUST, and RICHARD M. WATTS,** | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| **AVON TOWNSHIP SUPERVISOR LISA RUSCH, in her individual capacity and her capacity as Supervisor of Avon Township, AVON TOWNSHIP TRUSTEES CHRIS LARSON, CATHY deGROH, WILLIAM McNEILL, and LISA DeLaMAR, in their individual capacities and their capacity as Trustees of Avon Township, the AVON TOWNSHIP BOARD OF TRUSTEES, and AVON TOWNSHIP, a political subdivision of the State of Illinois** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## VERIFIED COMPLAINT

Avon Township Assessor Chris Ditton, in his individual capacity and his capacity as Assessor of Avon Township; Cindy Brust; and Richard Watts, by and through their counsel, hereby file this Complaint against Avon Township Supervisor Lisa Rusch, in her individual capacity and her capacity as Supervisor of Avon Township; Avon Township Trustees Chris Larson, Cathy deGroh, William McNeill, and Lisa DeLaMar, in their individual capacities and their capacity as Trustees of Avon Township; the Avon Township Board of Trustees; and, Avon Township.

This Complaint involves violation of Plaintiffs' federal Constitutional rights, in particular their First Amendment right to free speech and their Fourteenth Amendment right to due process, by Avon Township and its Board of Trustees, Chaired by Supervisor Lisa Rusch. This

Complaint further involves the violation of Illinois law arising out of the same conduct. In support of their Complaint, Plaintiffs state as follows:

## PARTIES

1. Plaintiff Avon Township Assessor Chris Ditton ("Assessor Ditton") is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois. Assessor Ditton is the duly elected Assessor of Avon Township.

2. Plaintiff Cynthia L. Brust is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois.

3. Plaintiff Richard M. Watts is, and at all relevant time has been, a resident of Antioch Township, Lake County, Illinois.

4. Defendant Avon Township Supervisor Lisa Rusch ("Supervisor Rusch") is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois.

5. Defendant Avon Township Trustee Chris Larson ("Trustee Larson") is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois. Trustee Larson

6. Defendant Avon Township Trustee Cathy deGroh is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois.

7. Defendant Avon Township Trustee William McNeill is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois.

8. Defendant Avon Township Trustee Lisa DeLaMar is, and at all relevant times has been, a resident of Avon Township, Lake County, Illinois.

9. Defendant Avon Township is a political subdivision of the State of Illinois and Lake County, Illinois, pursuant to the Illinois Township Code, 60 ILCS 1-1, *et seq.*

10. Defendant Avon Township Board of Trustees, pursuant to 60 ILCS 1/80-5, consists of the Avon Township Supervisor and the Avon Township Trustees.

## VENUE AND JURISDICTION

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in or are located in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. The Court has jurisdiction over Plaintiffs' 42 U.S.C. § 1983 civil rights claims pursuant 28 U.S.C. § 1331 because those claims arise under the laws and Constitution of the United States.

13. The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the Section 1983 claims that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, all of the claims arise out the proposed 2014-15 budget of Avon Township and the various irresponsible and unlawful consequences that will flow from the adoption of that budget.

## FACTUAL BACKGROUND

### Recent History of the Avon Township Budget

14. As of early 2009, property taxes in Avon Township were exorbitant, the Avon Township budget was bloated, and Avon Township maintained excessive cash reserves as a result of over-taxing the people of Avon Township.

15. In 2009, a new Avon Township Board was elected, and Assessor Ditton was elected to serve on the Avon Township Board as a Trustee.

16. Assessor Ditton and his political slate ran their campaign for the Board on a platform of fiscal responsibility. In each year that Assessor Ditton was a Trustee of Avon Township, the Board reduced the property tax levy and generated a budget surplus.

17. Assessor Ditton and his colleagues adopted and implemented fiscally responsible budgets that enabled Avon Township to perform its essential functions for the

people of Avon Township, while cutting unnecessary property taxes and government expenditures.

18. Since Assessor Ditton has been an elected official of Avon Township, the budget of the Assessor's Office has been reduced by approximately 30%, including a reduction in the number of staff and a significant reduction in the salary line item.

19. Avon Township currently maintains cash reserves of approximately $1,000,000. The cash reserves are sufficient to fund Avon Township government for more than two full years. This is significantly more cash reserves than the 6-9 months appropriate for a municipality.

## The Avon Township Assessor's Office

20. Assessor Ditton was elected in 2013 by the people of Avon Township to serve as the Avon Township Assessor.

21. Assessor Ditton is required to assess the market value of all of the property in Avon Township. Equitable assessments ensure a fair distribution of the property tax burden among all property owners.

22. The Assessor's Office maintains a file for every property located within the township. This file includes information about the lot, drawings and photos if the property is improved, and descriptions of the improvements. When buildings are constructed, the Assessor's staff gathers information from blueprints and through field inspections of each property. Changes to properties are monitored through building permits, sales listing information, and neighborhood reviews.

23. The Assessor's property files are a valuable resource to appraisers, realtors and to homeowners who want to compare their properties to similar properties to verify assessment uniformity.

24. Assessments must be equalized to a median level of (33 1/3%) on an annual basis, and a General Reassessment is required every four years (the Quadrennial Assessment

is scheduled for 2015) to maintain or increase assessment uniformity in each neighborhood. Assessments increase or decrease within a neighborhood based on the three prior years' sales. If necessary, assessment changes are made within a neighborhood based on style, location, or other criteria.

25. Avon Township contains approximately 25,200 tax parcels. This is the second highest number of tax parcels to assess of any Township in Lake County.

26. Assessor Ditton currently employs 4 full-time staff members to fulfill his statutory duty to properly assess all of the property in Avon Township, as well as to fulfill additional record-keeping, permit, exemption, and other functions required by statute and/or regulation.

27. Robin Vidonne O'Donnell serves as the unofficial Chief Deputy in the Assessor's Office and she is a Certified Illinois Assessing Officer (which involves a total of 5 classes with tests following each class). She has nearly 10 years of experience working in the Avon Township Assessor's Office under several Assessors.

28. Ms. O'Donnell is primarily responsible for handling residential assessments. She is also responsible for entering data concerning residential transfers into a database that is used in part by people looking to reduce their assessments. There were approximately 1408 residential sales in 2013 that Ms. O'Donnell had to record.

29. Ms. O'Donnell further handles what are known as "segregation merges", a process whereby she transfers property information from an inactive Property Index Number or parcel to a newly-created Property Index Number or parcel and she determines the value of the newly-created Property Index Number or parcel. The Office also gets a list of the 1,600 Board of Review decisions to determine which properties are not owner-occupied and need to be reassessed as a result, and Ms. O'Donnell manages this process.

30. Ms. O'Donnell is also responsible (along with other staff members as set forth below) for representing the Assessor's Office before the Board of Review and providing relevant

evidence in those proceedings. Approximately 1,600 complaints were filed with the Board of Review in 2013 that required participation by the Assessor's Office.

31. Plaintiff Richard M. Watts is also employed by the Assessor's Office. Mr. Watts is also a Certified Illinois Assessing Officer. Mr. Watts is primarily responsible for commercial assessments. He also assists Ms. O'Donnell with residential assessments during busy periods. Mr. Watts further assists with the office's permit work (discussed further below) and handles a portion of the Board of Review complaints.

32. Maureen McCarragher is also employed by the Assessor's Office, and she is also a Certified Illinois Assessing Officer. Ms. McCarragher is primarily responsible for assessing farms in Avon Township. She is required by statute to go to every farm in Avon Township annually to verify that the land is still being farmed. Ms. McCarragher is also primarily responsible for receiving permits from every jurisdiction in Avon Township and entering them into a database. Some of the permits have value for assessment purposes requiring reassessment of the property, and the Assessor's Office also checks what was done to each property to ensure that the permit was followed.

33. When Assessor Ditton first became the Avon Township Assessor, the permit process was significantly backlogged, and the permit records were disorganized. Since Assessor Ditton took office, the permit process has significantly caught up and is substantially more organized.

34. Plaintiff Cynthia L. Brust is also employed by the Assessor's Office. Ms. Brust has taken and passed her first class to become a Certified Illinois Assessing Officer and is beginning the second class this month. Ms. Brust's primary responsibility is to handle constituent services and to interface between the Assessor's Office and the people of Avon Township. This involves handling the front desk of the office and answering the phones. Much of Ms. Brust's work with the public involves questions and paperwork regarding exemptions, such as the senior freeze exemption which must be renewed annually for each property. Ms.

Brust generally serves 10-20 taxpayers of Avon Township in person each day, and approximately 50 people per day come in during the Office's busy season. The phone rings frequently with Avon Township residents calling for assistance. If Ms. Brust's position is no longer funded, each of the remaining employees would have substantially less time to devote to their assessment responsibilities.

35. Assessor Ditton is a Certified Illinois Assessing Officer and an Illinois licensed attorney with extensive real estate experience. He is responsible for managing the Office and the assessment process, as well as meeting with the County Assessor and the Assessors' Association. Assessor Ditton also frequently appears before the Board of Review.

36. Assessor Ditton, based on his knowledge, experience and professional certifications, believes that this 4-person staff is necessary for him to fulfill the statutory duties of the Assessor's position for the people of Avon Township. Assessor Ditton has further determined that the number of employees in his office is generally fewer (and certainly not more) than in similar jurisdictions; that his employees are compensated comparably -- and in some cases less -- than in other similar jurisdictions; and, that his budget is lower than all of the Townships in Lake County with the ten highest number of parcels, even though Avon Township has the second highest number of parcels. Assessor Ditton has communicated his opinion that this staff is the minimum necessary for the proper functioning of his office.

**The Proposed 2014-15 Budget for the Assessor**

37. Assessor Ditton submitted the 2014-15 budget for the Assessor's Office to the Avon Township Board in December 2013. The budget proposed by Assessor Ditton was less than the Office's budget for 2013-14, and it was approximately 30% less than the Assessor's budget when he was first elected to the Avon Township Board in 2009. It is a bare bones budget that is the minimum necessary to enable Assessor Ditton to fulfill the statutory requirements of Avon Township Assessor.

38. In January and February 2014, Assessor Ditton discussed the Assessor's budget with the Avon Township Board, including responding to questions at a public meeting. Trustee Larson spoke with Assessor Ditton about particular line items in the proposed budget and they agreed to very minor modifications.

39. The first several draft budgets presented by the Board to Assessor Ditton provided the Assessor's Office with sufficient revenue to fulfill its statutorily required duties for the people of Avon Township. Throughout January and February of 2014, no mention was made by the Board or any of its members about a purported "fiscal crisis" nor was any suggestion made that the budget proposed by Assessor Ditton was anything but reasonable and necessary.

40. Out of the blue, in March 2014, Trustee Larson and Supervisor Rusch informed Assessor Ditton that Avon Township was in a "fiscal crisis" and that the salary line item in the Assessor's budget would need to be reduced significantly. Despite the fact that neither she nor the Board have any statutory authority over hiring and firing employees of the Assessor's Office, Supervisor Rusch provided Assessor Ditton with 4 different options for cutting his staff, all of which significantly impacted the compensation and employment of Plaintiffs Brust and Watts. *See* Exhibit 1. If the Assessor's budget is passed as proposed, it will require significant reductions in staff of the Assessor's Office in some form and leave Assessor Ditton without the staff and resources to fulfill his statutory duties.

**<u>The Proposed 2014-15 Township Budget</u>**

41. A proposed 2014-15 budget for Avon Township (including separate budgets for the Town Fund, Supervisor/General Assistance, and the Assessor's Office) was adopted by the Board in March 2014. That budget has been made publicly available for review and comment.

42. Since that time, Assessor Ditton has been provided with several subsequent proposed budgets. He has been advised that the budget attached hereto as Exhibit 2 is the actual budget that will be passed by the Board (referred to hereinafter as the "Final Budget"). The Final Budget has not been preliminarily approved by the Board at a public meeting and has not been made available to the public.

43. Assessor Ditton has requested the Board and Avon Township Clerk provide him with evidence that the general public has been notified by publication of the meeting scheduled on May 12, 2014 to adopt the final budget. They have provided him with no evidence to date that the statutorily required publication notice has actually been made.

44. The Final Budget is an irresponsible and unlawful budget that includes unnecessary and frivolous expenditures desired by Supervisor Rusch and the Trustees, while cutting staff in the Assessor's Office that are essential for the Assessor to perform his mandatory statutory functions for the people of Avon Township.

45. The Final Budget inappropriately moves the line item for the Assessor's salary and for utilities in the Assessor's Office from the Town Fund to the Assessor's budget. These expenses are properly in the Town Fund budget because the Township has a statutory obligation to pay the Assessor's salary and provide him with an office to perform his functions. In fact, these line items have been placed in the Town Fund budget in the past for exactly that reason. The only conceivable reason for the Board to move these expenses to the Assessor's budget is to make the 2014-15 budget for the Assessor's Office appear larger than in previous years.

46. Members of the Board have claimed that the Assessor's budget is too large simply because it is a high percent of the overall Township budget. Moving the Assessor's salary and utilities from the Town Fund budget into the Assessor's Office budget is merely a public relations ploy to support this contention, which has no relation to the staffing necessary

for the Assessor to perform his statutorily required duties in the Township with the second highest number of tax parcels to assess in all of Lake County.

47. The stated basis for reductions in the salary line item in the Assessor's Office budget are pretextual. The Board told Assessor Ditton that the Township is facing a fiscal crisis. In fact, the Township has over $1,000,000 in cash reserves, enough to fund the necessary functions of the Township for more than two years. The rule of thumb for municipalities is 6-9 months of cash reserves. Significantly, Assessor Ditton had difficulty obtaining basic information about the amount of cash reserves from Defendants and had to file a FOIA request before finally being provided the information.

48. In addition, there are numerous excessive and frivolous expenditures in the Town Fund and Supervisor/General Assistance budgets. These include: (1) $40,000 in capital improvements to replace carpeting and windows; (2) $5,000 to purchase "Virtual General Assistance" software that is superfluous given the small number of people on general assistance in Avon Township; (3) an unprecedented $16,000 in grants to other non-governmental organizations; and (4) an increase in the salary line item for the Supervisor's staff with no indication that the Supervisor's Office needs additional staffing.

49. Assessor Ditton has drafted a proposed budget for the Township that (1) funds the Assessor's Office at the minimum level necessary to perform its statutorily required tasks; (2) cuts unnecessary expenses in the proposed budget such as for new carpeting and windows while providing adequate funds for necessities like general assistance; (3) balances revenue and expenses with a small surplus (which is unnecessary given the excess reserves the Township is holding); and (4) complies with state and federal law. *See* Exhibit 3.

50. Despite the lack of a fiscal crisis and a relatively simple way to balance the budget while ensuring that Assessor Ditton has the staff necessary to fulfill his statutory duties, Supervisor Rusch and the Trustees insist that they will adopt the Final Budget on May 12, 2014 and deliver severe cuts to the Assessor's budget. In fact, Supervisor Rusch has been operating

as though the Final Budget has been passed and sent a letter to Assessor Ditton advising him that insurance for him and his staff would be cancelled (dental in June, health in July, and life in August) and that all of his employees, including Plaintiffs Brust and Watts will be fired on October 24, 2014. *See* Exhibit 4.

**Political Motivation for the Budget Changes**

51. The cuts to Assessor Ditton's budget, specifically the reduction in the budget's salary line item, will not permit Assessor Ditton to continue to pay the salary of Plaintiffs Brust and Watts for the fiscal year. This is the real goal of the budget changes in the Final Budget -- to punish Assessor Ditton, Ms. Brust and Mr. Watts for having exercised their First Amendment rights in supporting Assessor Ditton's election and not supporting the election of a majority of the Township Board members.

52. Assessor Ditton and Trustee Larson (who chairs the budget committee) originally ran on the same slate. Trustee Larson, however, publicly and vociferously disavowed his association with Assessor Ditton and his slate of candidates. Trustees McNeill and deGroh, who together with Trustee Larson constitute a majority of the Board, ran on the slate opposed to Assessor Ditton. In addition, David McArtin, who works in the Supervisor's Office and sits on the budget committee, supported the slate opposing Assessor Ditton.

53. During Assessor Ditton's campaign, Plaintiffs Brust and Watts campaigned for him and against the majority of the current Trustees of the Avon Township Board.

54. The Final Budget, which the Avon Township Board intends to adopt on May 12, 2014, is designed as a political tool to punish Assessor Ditton and Plaintiffs Brust and Watts for exercising their First Amendment rights to free speech. The Final Budget hurts not only Assessor Ditton and Plaintiffs Brust and Watts, but it hurts all of the people in Avon Township -- who Supervisor Rusch and the Trustees were elected to serve -- by denying them critical and mandatory services related to their property taxes. Defendants are pursuing this political

vendetta intentionally with blatant disregard for the law and malicious intent against Assessor Ditton, Ms. Brust and Mr. Watts.

**COUNT I: 48 U.S.C. § 1983 -- Violation of First Amendment Right to Free Speech (Brust Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

55. Plaintiffs reallege Paragraphs 1 through 54 as though set forth fully herein.

56. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

57. The budget preliminarily approved by the Avon Township Board in March 2014; the list of "options" provided by Supervisor Rusch and Trustee Larson to Assessor Ditton that reduce or eliminate Ms. Brust's salary; the letter drafted by Supervisor Rusch stating that Ms. Brust's benefits would be canceled and that she will be terminated as of a date certain; and, the proposed Final Budget that will negatively impact Ms. Brust's salary, benefits and employment are adverse employment actions taken by Defendants under color of State law.

58. Defendants have taken these actions in retaliation for Ms. Brust exercising her First Amendment right to free speech in supporting the election of Assessor Ditton and not supporting the election of a majority of the Board of Trustees.

59. Ms. Brust has been, and will continue to be, damaged by the adverse employment actions taken by Defendants.

60. Defendants' actions constitute a violation of 48 U.S.C. § 1983 because they have deprived Ms. Brust of her First Amendment rights under color of State law.

**COUNT I -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brust prays that this Court find in her favor and against Defendants and award her:

a. A preliminary and permanent injunction prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that

has an adverse employment impact on Ms. Brust and specifically from adopting the Final Budget or any budget that requires terminating her benefits, reducing her salary or hours, or terminating her employment;

b. Compensatory damages to compensate Ms. Brust for the injury she has suffered and will continue to suffer as a result of Defendants' unlawful actions;

c. Punitive damages against Supervisor Rusch and Trustees Larson, deGroh, McNeill and DeLaMar individually;

d. Attorneys' fees and costs; and,

e. Such other relief the Court deems just.

**COUNT II -- DECLARATORY JUDGMENT**
**(Brust Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

61. Plaintiffs reallege Paragraphs 1 through 60 as though fully set forth herein.

62. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

63. The budget preliminarily approved by the Avon Township Board in March 2014; the list of "options" provided by Supervisor Rusch and Trustee Larson to Assessor Ditton that reduce or eliminate Ms. Brust's salary; the letter drafted by Supervisor Rusch stating that Ms. Brust's benefits would be canceled and that she will be terminated as of a date certain; and, the proposed Final Budget that will negatively impact Ms. Brust's salary, benefits and employment are adverse employment actions taken by Defendants under color of State law. Thus, there is an actual controversy between Ms. Brust and Defendants.

64. Defendants have taken these actions in retaliation for Ms. Brust exercising her First Amendment right to free speech in supporting the election of Assessor Ditton and not supporting the election of a majority of the Board of Trustees.

65. Ms. Brust will be further damaged if Defendants adopt the Final Budget as intended on May 12, 2014.

66. If Defendants adopt the Final Budget, their actions will constitute a further violation of 48 U.S.C. § 1983 because they will have deprived Ms. Brust of her First Amendment rights under color of State law. Under 48 U.S.C. § 2201(a), Ms. Brust is entitled to a declaratory judgment from this Court that Defendants actions and proposed course of action are unlawful and prohibited.

**COUNT II -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brust prays that this Court find in her favor and against Defendants and enter an order:

a. Preliminarily and permanently enjoining prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that has an adverse employment impact on Ms. Brust and specifically from adopting the Final Budget or any budget that requires terminating her benefits, reducing her salary or hours, or terminating her employment;

b. Awarding Ms. Brust attorney fees and costs; and

c. Any further relief the Court deems just.

**COUNT III: 48 U.S.C. § 1983 -- Violation of First Amendment Right to Free Speech**
**(Watts Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

67. Plaintiffs reallege Paragraphs 1 through 66 as though set forth fully herein.

68. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

69. The budget preliminarily approved by the Avon Township Board in March 2014; the list of "options" provided by Supervisor Rusch and Trustee Larson to Assessor Ditton that reduce or eliminate Mr. Watts' salary; the letter drafted by Supervisor Rusch stating that Mr. Watts' benefits would be canceled and that he will be terminated as of a date certain; and, the

proposed Final Budget that will negatively impact Mr. Watts' salary, benefits and employment are adverse employment actions taken by Defendants under color of State law.

70. Defendants have taken these actions in retaliation for Mr. Watts exercising his First Amendment right to free speech in supporting the election of Assessor Ditton and not supporting the election of a majority of the Board of Trustees.

71. Mr. Watts has been, and will continue to be, damaged by the adverse employment actions taken by Defendants.

72. Defendants' actions constitute a violation of 48 U.S.C. § 1983 because they have deprived Mr. Watts of his First Amendment rights under color of State law.

**COUNT III -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Watts prays that this Court find in his favor and against Defendants and award him:

a. A preliminary and permanent injunction prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that has an adverse employment impact on Mr. Watts and specifically from adopting the Final Budget or any budget that requires terminating his benefits, reducing his salary or hours, or terminating his employment;

b. Compensatory damages to compensate Mr. Watts for the injury he has suffered and will continue to suffer as a result of Defendants' unlawful actions;

c. Punitive damages against Supervisor Rusch and Trustees Larson, deGroh, McNeill and DeLaMar individually;

d. Attorneys' fees and costs; and,

e. Such other relief the Court deems just.

**COUNT IV -- DECLARATORY JUDGMENT**
**(Watts Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

73. Plaintiffs reallege Paragraphs 1 through 72 as though fully set forth herein.

74. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

75. The budget preliminarily approved by the Avon Township Board in March 2014; the list of "options" provided by Supervisor Rusch and Trustee Larson to Assessor Ditton that reduce or eliminate Mr. Watts' salary; the letter drafted by Supervisor Rusch stating that Mr. Watts' benefits would be canceled and that he will be terminated as of a date certain; and, the proposed Final Budget that will negatively impact Mr. Watts' salary, benefits and employment are adverse employment actions taken by Defendants under color of State law. Thus, there is an actual controversy between the parties for the Court to resolve.

76. Defendants have taken these actions in retaliation for Mr. Watts exercising his First Amendment right to free speech in supporting the election of Assessor Ditton and not supporting the election of a majority of the Board of Trustees.

77. Mr. Watts will be further damaged if Defendants adopt the Final Budget.

78. If Defendants adopt the Final Budget, their actions will constitute a further violation of 48 U.S.C. § 1983 because they will have deprived Mr. Watts of his First Amendment rights under color of State law. Under 48 U.S.C. § 2201(a), Mr. Watts is entitled to a declaratory judgment from this Court that Defendants actions and proposed course of action are unlawful and prohibited.

**COUNT IV -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Watts prays that this Court find in his favor and against Defendants and enter an order:

a. Preliminarily and permanently enjoining prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that has an adverse employment impact on Mr. Watts and specifically from adopting the Final Budget or any other budget that requires terminating his benefits, reducing his salary or hours, or terminating his employment;

b. Awarding Mr. Watts attorney fees and costs; and

c. Any further relief the Court deems just.

**<u>COUNT V: 48 U.S.C. § 1983 -- Violation of Due Process</u>**
**(Assessor Ditton Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

79. Plaintiffs reallege Paragraphs 1 through 78 as though set forth fully herein.

80. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

81. Assessor Ditton is the elected Assessor of Avon Township. As such, he has a vested property right in his position with Avon Township, including his ability to perform the necessary functions of his position. Specifically he has a property interest in managing the Assessor's Office such that he fulfills his statutory duties under State law and fulfills his obligations to the people of Avon Township. Assessor Ditton further has a property interest under Article 7, Section 9(b) of the Illinois Constitution in his benefits not being reduced during his term of office.

82. The preliminary budget approved by Defendants in March 2014 and the Final Budget Defendants intend to adopt on May 12, 2014 deprive Assessor Ditton of his property rights, and thus violate his Fourteenth Amendment right to due process.

83. Assessor Ditton has been, and will continue to be, damaged by the adverse actions taken by Defendants.

84. Defendants' actions constitute a violation of 48 U.S.C. § 1983 because they have deprived Assessor Ditton of his Fourteenth Amendment due process rights under color of State law.

**COUNT V -- PRAYER FOR RELIEF**

WHEREFORE, Assessor Ditton prays that this Court find in his favor and against Defendants and award him:

a. A preliminary and permanent injunction prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that deprives Assessor Ditton of his due process rights and specifically from adopting the Final Budget or any budget that deprives him of the ability to fulfill his statutory duties or that requires terminating or reducing his benefits;

b. Compensatory damages to compensate Assessor Ditton for the injury he has suffered and will continue to suffer as a result of Defendants' unlawful actions;

c. Punitive damages against Supervisor Rusch and Trustees Larson, deGroh, McNeill and DeLaMar individually;

d. Attorneys' fees and costs; and,

e. Such other relief the Court deems just.

**COUNT VI -- DECLARATORY JUDGMENT**
**(Assessor Ditton Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

85. Plaintiffs reallege Paragraphs 1 through 84 as though fully set forth herein.

86. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

87. Supervisor Rusch has indicated that the Board's adoption of the Final Budget will result in cancellation of Assessor Ditton's benefits and negatively impact his ability to fulfill the statutory duties of his position for the benefit of the people of Avon Township. Thus, there is an actual controversy between Assessor Ditton and Defendants.

88. If Defendants adopt the Final Budget, their actions will constitute a further violation of 48 U.S.C. § 1983 because they will have deprived Assessor Ditton of his Fourteenth Amendment due process rights under color of State law. Under 48 U.S.C. § 2201(a), Assessor Ditton is entitled to a declaratory judgment from this Court that Defendants actions and proposed course of action are unlawful and prohibited.

**COUNT VII -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Assessor Ditton prays that this Court find in his favor and against Defendants and enter an order:

a. Preliminarily and permanently enjoining prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that deprives Assessor Ditton of his due process rights and specifically from adopting the Final Budget and terminating or reducing his benefits;

b. Awarding Assessor Ditton attorney fees and costs; and

c. Any further relief the Court deems just.

**COUNT VII: 48 U.S.C. § 1983 -- Violation of First Amendment Right to Free Speech**
**(Assessor Ditton Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

89. Plaintiffs reallege Paragraphs 1 through 88 as though set forth fully herein.

90. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

91. The Final Budget will prevent Assessor Ditton from fulfilling his duties as Assessor of Avon Township. Moreover, Supervisor Rusch has indicated that the Board's adoption of the Final Budget will result in cancellation of Assessor Ditton's benefits.

92. Defendants have taken these actions in retaliation for Assessor Ditton exercising his First Amendment right to free speech in campaigning for election as Assessor and not supporting the election of a majority of the Board of Trustees.

93. Assessor Ditton has been, and will continue to be, damaged by the adverse employment actions taken by Defendants.

94. Defendants' actions constitute a violation of 48 U.S.C. § 1983 because they have deprived Assessor Ditton of his First Amendment rights under color of State law.

**COUNT VII -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Assessor Ditton prays that this Court find in his favor and against Defendants and award him:

a. A preliminary and permanent injunction prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that has an adverse employment impact on Assessor Ditton and specifically from adopting the Final Budget, from terminating or reducing his benefits, or adopting any budget that prevents him from performing the statutory duties of his office;

b. Compensatory damages to compensate Assessor Ditton for the injury he has suffered and will continue to suffer as a result of Defendants' unlawful actions;

c. Punitive damages against Supervisor Rusch and Trustees Larson, deGroh, McNeill and DeLaMar individually;

d. Attorneys' fees and costs; and,

e. Such other relief the Court deems just.

**COUNT VIII -- DECLARATORY JUDGMENT**
**(Assessor Ditton Against Supervisor Rusch; Trustees Larson, deGroh, McNeill, and DeLaMar; Avon Township; and, the Avon Township Board)**

95. Plaintiffs reallege Paragraphs 1 through 85 as though fully set forth herein.

96. Defendants actions alleged herein were under color of State law because Defendants are elected officials or political subdivisions of the State.

97. Supervisor Rusch has indicated that the Board's adoption of the Final Budget will result in cancellation of Assessor Ditton's benefits. Thus, there is an actual controversy between Assessor Ditton and Plaintiffs.

98. Defendants have taken these actions in retaliation for Assessor Ditton exercising his First Amendment right to free speech in campaigning for election as Assessor and not supporting the election of a majority of the Board of Trustees.

99. Assessor Ditton will be further damaged if Defendants adopt the Final Budget.

100. If Defendants adopt the Final Budget, their actions will constitute a further violation of 48 U.S.C. § 1983 because they will have deprived Assessor Ditton of his First Amendment rights under color of State law. Under 48 U.S.C. § 2201(a), Assessor Ditton is entitled to a declaratory judgment from this Court that Defendants actions and proposed course of action are unlawful and prohibited.

**COUNT VIII -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Assessor Ditton prays that this Court find in his favor and against Defendants and enter an order:

a. Preliminarily and permanently enjoining prohibiting Supervisor Rusch, the Avon Township Trustees, Avon Township and the Avon Township Board from taking any action that has an adverse employment impact on Assessor Ditton and specifically from adopting the Final Budget and terminating or reducing his benefits;

b. Awarding Assessor Ditton attorney fees and costs; and

c. Any further relief the Court deems just.

**COUNT IX -- DECLARATORY JUDGMENT (FINAL BUDGET)**
**(Assessor Ditton, Plaintiffs Brust and Watts Against Supervisor Rusch, Trustees Larson, deGroh, McNeill and DeLaMar, Avon Township, and the Avon Township Board)**

101. Plaintiffs reallege Paragraphs 1 through 102 as though fully set forth herein.

102. The preliminary budget adopted by Defendants and the Final Budget intended to be adopted by Defendants on May 12, 2014 recklessly and irresponsibly deny Assessor Ditton the ability to employ the staff required for him to perform his statutorily required duties. Therefore, there is an actual controversy between Assessor Ditton and Defendants.

103. As set forth above, the budget proposed for 2014-15 by the Assessor is a bare bones budget that is the minimum necessary for him to perform the necessary functions of the Assessor's Office. As also set forth above, the budget proposed for 2014-15, including employee salaries, is fiscally responsible and consistent with the Assessor's budgets of similar jurisdictions.

104. Specifically, adoption of the Final Budget by Defendants would violate 35 ILCS 200/2-65, which provides: "In all counties under township organization where a township or multi-township assessor is unable alone to perform all duties of the office, he or she may appoint one or more suitable persons as deputies to assist in making the assessment, and may appoint other employees required for operation of the office."

105. Adoption of the Final Budget by Defendants would also violate 35 ILCS 200/2-80, which provides: "The board of town trustees shall provide the office and storage space, equipment, office supplies, deputies and clerical and stenographic personnel and other items as are necessary for the efficient operation of the office."

106. Adoption of the Final Budget by Defendants would further violate the overall statutory scheme governing the respective roles and powers of Township Boards and Assessors. This includes 60 ILCS 1/500(a), which provides: "The township board may employ and fix the compensation of township employees that the board deems necessary, excluding the employees of the offices of supervisor of general assistance, township collector, and township assessor."

107. Adoption of the Final Budget by Defendants would also violate Article VII, Section 9(b) of the Illinois Constitution by reducing Assessor Ditton's compensation during his term of office.

108. Assessor Ditton, Plaintiffs Brust and Watts (as well as the residents of Avon Township Defendants are bound to serve) would be damaged by adoption of the Final Budget in violation of Illinois law. Under 48 U.S.C. § 2201(a), Assessor Ditton, Ms. Brust and Mr. Watts are entitled to a declaratory judgment from this Court that Defendants actions and proposed course of action are unlawful and prohibited.

**COUNT IX -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Assessor Ditton, Brust and Watts respectfully request that the Court find in their favor and against Defendants that the proposed Final Budget violates Illinois law and order as follows:

a. Preliminarily and permanently enjoin Defendants from adopting the proposed Final Budget or any budget that does not provide the Assessor with the ability to perform his statutorily required functions;

b. Awarding Plaintiffs attorneys fees and costs; and

c. Any such further relief the Court deems just.

**COUNT XI -- DECLARATORY RELIEF (ATTORNEY FEES)**

109. Plaintiffs reallege the allegations in Paragraphs 1 through 108 as though fully set forth herein.

109. Assessor Ditton requested legal advice and representation concerning the issues raised in this Complaint from the Township attorney, Gerald Dietz. Mr. Dietz refused to provide Assessor Ditton with the legal advice requested, and Mr. Dietz further advised Assessor Ditton that he was not entitled to hire counsel to represent him in this matter. Thus, there is an actual controversy between Assessor Ditton and Defendants as to the right of Assessor Ditton to retain counsel to advise him of his legal rights and obligations with respect to the matters raised in this Complaint and to prosecute this Complaint so that Assessor Ditton can fulfill his statutory duties.

110. Illinois law allows elected officials to hire independent counsel to represent them when there is a conflict of interest with the governmental attorney. Here, there is clearly a conflict between Assessor Ditton and the Township, the Supervisor, the Trustees, and their attorney. Moreover, the Township is required to provide the Assessor's Office with expenses necessary to run the office, and in this instance, legal fees are a necessary expense for ensuring that the Assessor's Office is able to function. *See* 35 ILCS 200/2-80. Accordingly,

Assessor Ditton is entitled to hire the counsel of his choice to represent him to provide advice and court representation in connection with his official duties.

112. Under 48 U.S.C. § 2201(a), Assessor Ditton is entitled to a declaratory judgment from this Court that Defendants actions and proposed course of action are unlawful and prohibited.

**COUNT X -- PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Assessor Ditton respectfully requests that the Court find in his favor and against Defendants that he is entitled to hire independent counsel to be paid by the Township and order as follows:

a. That Assessor Ditton may hire independent counsel to represent him in connection with this lawsuit and related legal issues, and that the Avon Township Board shall promptly approve payment of these legal fees related to Assessor Ditton's official duties as Assessor of Avon Township;

b. Awarding Plaintiffs attorneys fees and costs for prosecuting this claim; and

c. Any such further relief the Court deems just.

Dated: May 5, 2014

Respectfully submitted,

[signature]

Attorney for Plaintiffs

Ed Mullen, Esq. (Atty. No. 6286924)
2129 N. Western Ave.
Chicago, IL 60647
(312) 508-9433 (tel.)
(312) 278-0857 (fax)
ed_mullen@mac.com

**VERIFICATION**

I hereby verify under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Complaint, that the allegations in the Complaint of which I have personal knowledge are true and correct, and that I am informed and believe that the remaining allegations are true and correct.

Executed on May 4, 2014.

Avon Township Assessor Chris Ditton

# EXHIBIT 1

Avon Township - Assessor's Office

Proposed Cuts

**Current**

| Name | Robin | Mo | Rick | Cindy |
|---|---|---|---|---|
| Salary | $ 46,485 | $ 43,260 | $ 42,000 | $ 36,050 |
| FICA | $ 3,556 | $ 3,310 | $ 3,213 | $ 2,758 |
| IMRF | $ 3,510 | $ 3,266 | $ 3,171 | $ 2,722 |
| Health | $ 15,780 | $ 7,670 | $ 15,780 | $ 21,100 |
| Dental | $ 600 | $ 252 | $ 600 | $ 760 |
| Life | $ 130 | $ 130 | $ 130 | $ 130 |
| U/I | $ 953 | $ 953 | $ 953 | $ 953 |
| **Total** | **$ 71,014** | **$ 58,841** | **$ 65,847** | **$ 64,473** |
| | | | | **$ 260,175** |

**Notes:**

Unable to sustain spending levels of > 33% of Town budget on assessor's office employees.

**Proposed Option #1**

| Robin | Mo (30 hrs) | Rick (15 hrs) | Cindy (15 hrs) |
|---|---|---|---|
| $ 46,485 | $ 34,618 | $ 12,560 | $ 12,560 |
| $ 3,556 | $ 2,648 | $ 961 | $ 961 |
| $ 3,510 | $ 2,614 | $ - | $ - |
| $ 15,780 | $ 7,670 | $ - | $ - |
| $ 600 | $ 252 | $ - | $ - |
| $ 130 | $ 130 | $ - | $ - |
| $ 953 | $ 953 | $ 953 | $ 953 |
| **$ 71,014** | **$ 48,885** | **$ 14,474** | **$ 14,474** |
| Cost | | | **$ 148,847** |
| Savings | | | $ 111,328 |

Maintains 85 hrs / wk for qualified assessor staff hours
Reduces salary to more sustainable levels
Difficult to justify PT salary of Rick and Cindy being identical based on qualifications and job responsibilities

**Proposed Option #2**

| Robin | Mo | Rick | Cindy (20 hrs) |
|---|---|---|---|
| $ 46,485 | $ 43,260 | $ - | $ 18,023 |
| $ 3,556 | $ 3,309 | $ - | $ 1,379 |
| $ 3,510 | $ 3,266 | $ - | $ 1,361 |
| $ 15,780 | $ 7,670 | $ - | $ - |
| $ 600 | $ 252 | $ - | $ - |
| $ 130 | $ 130 | $ - | $ - |
| $ 953 | $ 953 | $ - | $ 953 |
| **$ 71,014** | **$ 58,841** | **$ -** | **$ 21,716** |
| Cost | | | **$ 151,570** |
| Savings | | | $ 108,605 |

Maintains 80 hrs / wk for qualified assessor staff hours
Maintains 20 hrs / wk for clerical assistance
Reduces salary to more sustainable levels

Classify Robin/Mo/Rick as Deputy Assessors, Classify Cindy as "Clerical"
Classify Cindy as "Clerical"
Removal of least-senior Deputy Assessor

**Proposed Option #3**

| Robin | Mo | Rick | Cindy |
|---|---|---|---|
| $ 52,000 | $ 48,000 | $ - | $ - |
| $ 3,556 | $ 3,672 | $ - | $ - |
| $ 3,510 | $ 3,624 | $ - | $ - |
| $ 15,780 | $ 7,670 | $ - | $ - |
| $ 600 | $ 252 | $ - | $ - |
| $ 130 | $ 130 | $ - | $ - |
| $ 953 | $ 953 | $ - | $ - |
| **$ 76,529** | **$ 64,301** | **$ -** | **$ -** |
| Cost | | | **$ 140,830** |
| Savings | | | $ 119,345 |

Reduces staffing to difficult levels
Increases salaries but accomodates extra hours by migrating positions into a "salaried" capacity
Allows for up to 5 hours of overtime per week, per employee
Allows for additional overtime as necessary w/o added costs

**Proposed Option #4**

| Robin | Mo (25 hrs) | Rick (25 hrs) | Cindy (20 hrs) |
|---|---|---|---|
| $ 46,485 | $ 27,038 | $ 26,250 | $ 18,023 |
| $ 3,556 | $ 2,068 | $ 2,008 | $ 1,379 |
| $ 3,510 | $ 2,041 | $ 1,982 | $ 1,361 |
| $ 15,780 | $ - | $ - | $ - |
| $ 600 | $ 252 | $ 600 | $ - |
| $ 130 | $ 130 | $ 130 | $ - |
| $ 953 | $ 953 | $ 953 | $ 953 |
| **$ 71,014** | **$ 32,483** | **$ 31,923** | **$ 21,716** |
| Cost | | | **$ 157,136** |
| Savings | | | $ 103,039 |

# EXHIBIT 2

# Avon Township 2014-2015 Budget



| | | Town Fund (10) | | | Assessor (12) | | | General Assistance (20) | | | Food Pantry (30) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Town Fund Admin.** | **Last Year Budget** | **Last Year Actual** | **Budget** | **Last Year Budget** | **Last Year Actual** | **Budget** | **Last Year Budget** | **Last Year Actual** | **Budget** | **Budget** |
| **Revenue** | | | | | | | | | | | |
| 4-10-400 | Property Tax | 650000 | 618130 | 566000 | | | | 140000 | 72518 | 144000 | |
| 4-10-401 | Replacement Tax | 25000 | 26328 | 25000 | | | | 0 | 0 | 0 | |
| 4-10-402 | Interest Income | 1200 | 728 | 800 | | | | 250 | 129 | 250 | |
| 4-10-403 | Rental Income | 16000 | 15798 | 16000 | | | | | | | |
| 4-10-404 | Misc. Income | 4000 | 4262 | 4000 | | | | 2000 | 907 | 1500 | 2500 |
| 4-10-405 | Misc Grants | 75000 | | 0 | | | | 15000 | | | |
| | | | | | | | | | | | |
| [redacted] | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Personnel Svs** | | | | | | | | | | | |
| 5-10-501 | Salaries-Officials | 213500 | 212566 | 98000 | | | 61000 | | | | |
| 5-10-502 | Salaries - Employees | | | 16000 | 165000 | 146852 | 125000 | 115500 | 114978 | 67100 | 30000 |
| 5-10-503 | Salaries Part-Time | | | 3000 | | | | | | | |
| 5-10-504 | FICA | | | 12100 | 26500 | 24598 | 9000 | 21000 | 20421 | 9600 | 765 |
| 5-10-505 | IMRF | | | 9500 | | | 9000 | | | 9500 | |
| 5-10-506 | Health Ins | 109500 | 107028 | 7800 | | | 25000 | | | 21500 | |
| 5-10-507 | Dental Ins | | | 0 | | | 1000 | | | 2300 | |
| 5-10-508 | Life Ins | | | 150 | | | 400 | | | 400 | |
| 5-10-509 | Unemployment Ins | | | 0 | 5000 | 4467 | 3400 | 3800 | 3468 | 2900 | 735 |
| | **Subtotal** | **323000** | **319594** | **146550** | **196500** | **175917** | **233800** | **140300** | **138867** | **113300** | **31500** |
| | | | | | | | | | | | |
| **Maintenance Svs** | | | | | | | | | | | |
| 5-10-510 | Maint. Building | 15000 | 12603 | 14000 | | | | | | | |
| 5-10-512 | Maint. Equipment | 4000 | 2751 | 3100 | | | 1000 | | | | |
| 5-10-513 | Vehicle Svs (Fuel/Maintenance) | | | 1000 | 2000 | 1661 | 1500 | | | | |
| 5-10-514 | Grounds/Landscaping | | | 1000 | | | | | | | |
| 5-10-515 | Mosquito Spraying | 7000 | 4903 | 5600 | | | | | | | |
| | **Subtotal** | **26000** | **20257** | **24700** | **2000** | **1661** | **2500** | **0** | **0** | **0** | **0** |
| | | | | | | | | | | | |
| **Professional Svs** | | | | | | | | | | | |
| 5-10-520 | Accounting Svs | 5500 | 5200 | 5500 | | | | | | | |
| 5-10-521 | Legal Svs | 25000 | 23133 | 7100 | | | | | | | |
| 5-10-522 | Data Processing | 3000 | 1995 | 3500 | | | | | | 6500 | |
| 5-10-523 | Liability & Gen Ins | 35000 | 32485 | 32000 | | | | | | | |
| 5-10-524 | Contingencies | 18000 | 16592 | 10000 | 1000 | | 1000 | 4500 | | 500 | |
| 5-10-525 | Appraisals | | | | 1000 | | 0 | | | | |
| 5-10-526 | Catastrophic Insurance | | | | | | | 2800 | 2155 | 2500 | |
| 5-10-527 | Licenses and Fees (Notary) | | | | | | | | | | |
| 5-12-529 | County Terminal Rental | | | | | | 10800 | | | | |
| | **Subtotal** | **86500** | **79405** | **58100** | **2000** | **0** | **11800** | **7300** | **2155** | **9500** | **0** |

raft

# Avon Township 2014-2015 Budget

Town/Assessor/GA Funds

| | | Town Fund (10) | | | Assessor (12) | | | General Assistance (20) | | | Food Pantry (30) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Town Fund Admin. | Last Year Budget | Last Year Actual | Budget | Last Year Budget | Last Year Actual | Budget | Last Year Budget | Last Year Actual | Budget | Budget |
| **Communications** | | | | | | | | | | | |
| 5-10-530 | Postage | 3000 | 460 | 1000 | 2000 | 506 | 500 | | | | |
| 5-10-531 | Publishing | | | 5000 | | | 0 | | | | |
| 5-10-532 | Printing | | | 5000 | | | 250 | | | | |
| 5-10-533 | Other Communications | 7000 | 25 | 500 | 3500 | 2515 | 250 | | | | |
| | **Subtotal** | **10000** | **485** | **11500** | **5500** | **3021** | **1000** | **0** | **0** | **0** | **0** |
| | | | | | | | | | | | |
| **Professional Development** | | | | | | | | | | | |
| 5-10-540 | Dues | 2500 | 1335 | 1500 | 1000 | 291 | 350 | | | | |
| 5-10-541 | Continuing Education | 2500 | 115 | 500 | 2000 | 1365 | 1500 | | | 750 | |
| 5-10-542 | Subscriptions | | | 350 | | | | | | | |
| 5-10-543 | Mileage | 3000 | 1963 | 800 | 5000 | | 1000 | 750 | 300 | 300 | |
| 5-10-544 | Per Diem & Lodging | | | 2000 | | 2550 | 2500 | | | 300 | |
| 5-10-545 | Conferences & Conventions | 3000 | 1472 | 2000 | 1000 | | 1000 | | | 0 | |
| | **Subtotal** | **11000** | **4885** | **7150** | **9000** | **4206** | **6350** | **750** | **300** | **1350** | **0** |
| | | | | | | | | | | | |
| **Utilities** | | | | | | | | | | | |
| 5-10-550 | Electric Town Ctr | 18000 | 14401 | 8050 | | | 1150 | | | | |
| 5-10-551 | Natural Gas Town Ctr | | | 2180 | | | 320 | | | | |
| 5-10-552 | Water/Sewer Town | | | 840 | | | 120 | | | | |
| 5-10-553 | Disposal Svs Town Ctr | | | 4200 | | | 600 | | | | |
| 5-10-554 | Telephone | 3000 | 1995 | 2100 | | | 3300 | | | | |
| | **Subtotal** | **21000** | **16396** | **17370** | **0** | **0** | **5490** | **0** | **0** | **0** | **0** |
| | | | | | | | | | | | |
| **General Svs** | | | | | | | | | | | |
| 5-10-560 | Office Suplies | 4000 | 3053 | 3000 | 2500 | 2499 | 2500 | | | | |
| 5-10-561 | Operating Supplies | 4500 | 3780 | 3000 | | | 500 | | | | |
| 5-10-562 | Misc | 4000 | 2450 | 1000 | 2000 | 442 | 500 | | | | |
| | **Subtotal** | **12500** | **9283** | **7000** | **4500** | **2941** | **3500** | **0** | **0** | **0** | **0** |
| | | | | | | | | | | | |
| **Grants Awarded** | | | | | | | | | | | |
| 5-10-570 | Youth Organizations | | | 3000 | | | | 7500 | 3038 | 1000 | |
| 5-10-571 | Senior Organizations | | | 2000 | | | | 7500 | 975 | 1000 | |
| 5-10-572 | Outreach Services | 7500 | 4680 | 2000 | | | | 5000 | | | |
| 5-10-573 | Health Services | | | 1000 | | | | | | 1000 | |
| 5-10-574 | Misc Services | | | 8000 | | | | | | | |
| | **Subtotal** | **7500** | **4680** | **16000** | **0** | **0** | **0** | **20000** | **4013** | **3000** | **0** |
| | | | | | | | | | | | |
| **Capital Outlay** | | | | | | | | | | | |
| 5-10-580 | Building | 47000 | 6750 | 55000 | | | | | | | 10000 |
| 5-10-581 | Bldg Equipment | 5000 | 4507 | 0 | | | | | | | |
| 5-10-582 | Office Equipment | | | 3000 | 2500 | 2147 | 1000 | | | | |
| | **Subtotal** | **52000** | **11257** | **58000** | **2500** | **2147** | **1000** | **0** | **0** | **0** | **10000** |

# Avon Township 2014-2015 Budget

| | | Town Fund (10) | | | Assessor (12) | | | General Assistance (20) | | | Food Pantry (30) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Town Fund Admin. | Last Year Budget | Last Year Actual | Budget | Last Year Budget | Last Year Actual | Budget | Last Year Budget | Last Year Actual | Budget | Budget |
| Emergency Assistance/General Assistance | | | | | | | | | | | |
| 5-20-590 | Hospital Outpatient | | | | | | | 1000 | | 1000 | |
| 5-20-591 | Pharmaceuticals | | | | | | | 1000 | | 1000 | |
| 5-20-592 | Other Medical Svs | | | | | | | 2000 | | 1000 | |
| 5-20-593 | Fuel | | | | | | | 1000 | | 300 | |
| 5-20-594 | Client Utilities | | | | | | | 17500 | 5156 | 15000 | |
| 5-20-596 | Funerals | | | | | | | 1000 | | 1000 | |
| 5-20-597 | Flat Grants | | | | | | | 5000 | 100 | 1000 | |
| 5-20-598 | Misc | | | | | | | 3000 | 16 | 500 | |
| | **Subtotal** | **0** | **0** | **0** | **0** | **0** | **0** | **31500** | **5272** | **20800** | **0** |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Total Expenditures** | | **549500** | **466242** | **346370** | **222000** | **189893** | **265440** | **168350** | **145335** | **147950** | **41500** |
| | | | | | | | | | | | |
| **Net Revenue / Loss** | | **221700** | **199004** | **265430** | **-222000** | **-189893** | **-265440** | **-11100** | **-71781** | **-2200** | **-39000** |
| | | | | | | | | | | | |
| **Starting Asset Balance** | | **835981** | **835981** | **835981** | | | | **173090** | **173090** | **173090** | **59882** |
| **Plus/Minus Net Revenue/Loss** | | **-215300** | **9111** | **-10** | | | | **-11100** | **-71781** | **-2200** | **-39000** |
| **Ending Projected Fund Balance** | | **620681** | **845092** | **835971** | | | | **161990** | **101309** | **170890** | **20882** |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | 57% | | | 43% | | | | |
| | | | | | | | | | | | |
| | | | | | | | 100% | | | | |

# EXHIBIT 3

**Town Fund**

| | Town Fund Admin. | FY-15 Assessor Proposal |
|---|---|---|
| **Revenue** | | |
| 4-10-400 | Property Tax | 710000 |
| 4-10-401 | State of IL Replacement Tax | 25000 |
| 4-10-402 | Interest Income | 800 |
| 4-10-403 | Rental Income | 16000 |
| 4-10-404 | Misc. Income | 4000 |
| 4-10-405 | Misc. Grants | 0 |
| 4-10-406 | Tranfer In From Town | 0 |
| | **Total Revenue** | 755800 |
| **Transfer Out** | | |
| 5-10-401 | Assessor's Office | 227000 |
| 5-10-402 | General Assistance | 105400 |
| **Personnel Services** | | |
| 5-10-501 | Salaries-Officials | 159000 |
| 5-10-502 | Salaries- Employees | 16000 |
| 5-10-503 | Salaries- Part Time | 0 |
| 5-10-504 | FICA | 12100 |
| 5-10-505 | IMRF | 9500 |
| 5-10-506 | Health Ins. | 101100 |
| 5-10-507 | Dental Ins. | 0 |
| 5-10-508 | Life Ins. | 0 |
| 5-10-505 | Unemployment Ins. | 0 |
| | **Total Personnel Services** | **297700** |
| **Maintenance Services** | | |
| 5-10-510 | Maint. Building | 13000 |
| 5-10-512 | Maint. Equipment | 3100 |
| 5-10-513 | Vehicle Svs (Fuel/Maintainence) | 500 |
| 5-10-514 | Ground Landscaping | 500 |
| 5-10-515 | Mosquito Spraying | 5600 |
| | **Total Maintenance Services** | **22700** |
| **Professional Services** | | |
| 5-10-520 | Accounting Services | 5500 |
| 5-10-521 | Legal Services | 7100 |
| 5-10-522 | Data Processing | 2000 |
| 5-10-523 | Liability & Gen. Insurance | 32000 |
| 5-10-524 | Contingencies | 5000 |
| 5-10-525 | Appraisal | |
| 5-10-526 | Catastrophic Insuance | |

| | | |
|---|---|---|
| 5-10-527 | Licenses and Fees (Notary) | |
| 5-10-529 | County Terminal Rental | |
| | **Total Contractual Services** | **51600** |
| **Communications** | | |
| 5-10-530 | Postage | 500 |
| 5-10-531 | Publishing | 0 |
| 5-10-532 | Printing | 0 |
| 5-10-533 | Other Communication | 500 |
| | **Total Communications** | **1000** |
| **Professional Deveolpment** | | |
| 5-10-540 | Dues | 1500 |
| 5-10-541 | Continuing Education | 500 |
| 5-10-542 | Subscriptions | 350 |
| 5-10-543 | Mileage | 800 |
| 5-10-544 | Per Diem & Lodging | 1000 |
| 5-10-545 | Conferences and Conventions | 1000 |
| | **Total Professional Development** | **5150** |
| **Utlities** | | |
| 5-10-550 | Electric Town Center | 8050 |
| 5-10-551 | Natural Gas Town Center | 2180 |
| 5-10-552 | Water/Sewer Town Center | 840 |
| 5-10-553 | Disposal Service Town Center | 4200 |
| 5-10-554 | Telephone | 2100 |
| | **Total Utilities** | **17370** |
| **General Services** | | |
| 5-10-560 | Office Supplies | 3000 |
| 5-10-561 | Operating Supplies | 3000 |
| 5-10-562 | Misc | 1000 |
| | **Total General Services** | **7000** |
| Grants Awarded | | |
| 5-10-570 | Youth Organizations | 0 |
| 5-10-571 | Senior Organizations | 0 |
| 5-10-572 | Outreach Organizations | 0 |
| 5-10-573 | Health Services | 0 |
| 5-10-574 | Misc Services | 0 |
| | **Total Grants Awarded** | **0** |

| | | |
|---|---|---|
| **Capital Outlay** | | |
| 5-10-580 | Building | 15000 |
| 5-10-581 | Building Equipment | 0 |
| 5-10-582 | Office Equipment | 2000 |
| | **Total Capital Outlay** | **17000** |
| **Emergency Assistance/General Assistance** | | |
| 5-20-590 | Hospital - Out Patient | 0 |
| 5-20-591 | Pharmaceuticals | 0 |
| 5-20-592 | Other Medical Services | 0 |
| 5-20-593 | Fuel | 0 |
| 5-20-594 | Client Utilities | 0 |
| 5-20-596 | Funerals | 0 |
| 5-20-597 | Flat Grant | 0 |
| 5-20-598 | Misc. Expense | 0 |
| | **Total EA/GA** | **0** |
| | **Total Fund Expenditures** | **751,920** |
| | **Income vs. Expense Difference** | **3,880** |

**Town Fund-Assessor**

| | Town Fund Admin. | FY-15 Assessor Proposal |
|---|---|---|
| **Revenue** | | |
| 4-10-400 | Property Tax | 0 |
| 4-10-401 | State of IL Replacement Tax | 0 |
| 4-10-402 | Interest Income | 0 |
| 4-10-403 | Rental Income | 0 |
| 4-10-404 | Misc. Income | 0 |
| 4-10-405 | Misc. Grants | 0 |
| 4-10-406 | Tranfer In From Town | 227000 |
| | **Total Revenue** | **227000** |
| **Personnel Services** | | |
| 5-10-501 | Salaries-Officials | 0 |
| 5-10-502 | Salaries- Employees | 167500 |
| 5-10-503 | Salaries- Part Time | 0 |
| 5-10-504 | FICA | 12800 |
| 5-10-505 | IMRF | 12000 |
| 5-10-506 | Health Ins. | 0 |
| 5-10-507 | Dental Ins. | 0 |
| 5-10-508 | Life Ins. | 0 |
| 5-10-505 | Unemployment Ins. | 3400 |
| | **Total Personnel Services** | **195700** |
| **Maintenance Services** | | |
| 5-10-510 | Maint. Building | 0 |
| 5-10-512 | Maint. Equipment | 1000 |
| 5-10-513 | Vehicle Svs (Fuel/Maintainence) | 1500 |
| 5-10-514 | Ground Landscaping | 0 |
| 5-10-515 | Mosquito Spraying | 0 |
| | **Total Maintenance Services** | **2500** |
| **Professional Services** | | |
| 5-10-520 | Accounting Services | 0 |
| 5-10-521 | Legal Services | 0 |
| 5-10-522 | Data Processing | 0 |
| 5-10-523 | Liability & Gen. Insurance | 0 |
| 5-10-524 | Contingencies | 1000 |
| 5-10-525 | Appraisal | 0 |
| 5-10-526 | Catastrophic Insuance | 0 |
| 5-10-527 | Licenses and Fees (Notary) | 250 |
| 5-10-529 | County Terminal Rental | 10800 |
| | **Total Contractual Services** | **12050** |

| | | |
|---|---|---|
| **Communications** | | |
| 5-10-530 | Postage | 500 |
| 5-10-531 | Publishing | 0 |
| 5-10-532 | Printing | 250 |
| 5-10-533 | Other Communication | 250 |
| | **Total Communications** | **1000** |
| **Professional Deveolpment** | | |
| 5-10-540 | Dues | 350 |
| 5-10-541 | Continuing Education | 2100 |
| 5-10-542 | Subscriptions | 0 |
| 5-10-543 | Mileage | 1000 |
| 5-10-544 | Per Diem & Lodging | 3500 |
| 5-10-545 | Conferences and Conventions | 1000 |
| | **Total Professional Development** | **7950** |
| **Utlities** | | |
| 5-10-550 | Electric Town Center | 0 |
| 5-10-551 | Natural Gas Town Center | 0 |
| 5-10-552 | Water/Sewer Town Center | 0 |
| 5-10-553 | Disposal Service Town Center | 0 |
| 5-10-554 | Telephone | 3300 |
| | **Total Utilities** | **3300** |
| **General Services** | | |
| 5-10-560 | Office Supplies | 2500 |
| 5-10-561 | Operating Supplies | 500 |
| 5-10-562 | Misc | 500 |
| | **Total General Services** | **3500** |
| Grants Awarded | | |
| 5-10-570 | Youth Organizations | 0 |
| 5-10-571 | Senior Organizations | 0 |
| 5-10-572 | Outreach Organizations | 0 |
| 5-10-573 | Health Services | 0 |
| 5-10-574 | Misc Services | 0 |
| | **Total Grants Awarded** | **0** |
| **Capital Outlay** | | |
| 5-10-580 | Building | 0 |
| 5-10-581 | Building Equipment | 0 |

| | | |
|---|---|---|
| 5-10-582 | Office Equipment | 1000 |
| | **Total Capital Outlay** | **1000** |
| **Emergency Assistance/General Assistance** | | |
| 5-20-590 | Hospital - Out Patient | 0 |
| 5-20-591 | Pharmaceuticals | 0 |
| 5-20-592 | Other Medical Services | 0 |
| 5-20-593 | Fuel | 0 |
| 5-20-594 | Client Utilities | 0 |
| 5-20-596 | Funerals | 0 |
| 5-20-597 | Flat Grant | 0 |
| 5-20-598 | Misc. Expense | 0 |
| | **Total EA/GA** | **0** |
| | **Total Fund Expenditures** | **227,000** |
| | **Income vs. Expense Difference** | **0** |

**Town Fund-General Assistance**

| | Town Fund Admin. | FY-15 Assessor Proposal |
|---|---|---|
| **Revenue** | | |
| 4-10-400 | Property Tax | 0 |
| 4-10-401 | State of IL Replacement Tax | 0 |
| 4-10-402 | Interest Income | 250 |
| 4-10-403 | Rental Income | 0 |
| 4-10-404 | Misc. Income | 1500 |
| 4-10-405 | Misc. Grants | 0 |
| 4-10-406 | Transfer In From Town | 105400 |
| | **Total Revenue** | **107150** |
| **Personnel Services** | | |
| 5-10-501 | Salaries-Officials | 0 |
| 5-10-502 | Salaries- Employees | 61000 |
| 5-10-503 | Salaries- Part Time | 0 |
| 5-10-504 | FICA | 9600 |
| 5-10-505 | IMRF | 9500 |
| 5-10-506 | Health Ins. | 0 |
| 5-10-507 | Dental Ins. | 0 |
| 5-10-508 | Life Ins. | 0 |
| 5-10-505 | Unemployment Ins. | 2900 |
| | **Total Personnel Services** | **83000** |
| **Maintenance Services** | | |
| 5-10-510 | Maint. Building | 0 |
| 5-10-512 | Maint. Equipment | 0 |
| 5-10-513 | Vehicle Svs (Fuel/Maintainence) | 0 |
| 5-10-514 | Ground Landscaping | 0 |
| 5-10-515 | Mosquito Spraying | 0 |
| | **Total Maintenance Services** | **0** |
| **Professional Services** | | |
| 5-10-520 | Accounting Services | 0 |
| 5-10-521 | Legal Services | 0 |
| 5-10-522 | Data Processing | 1500 |
| 5-10-523 | Liability & Gen. Insurance | 0 |
| 5-10-524 | Contingencies | 500 |
| 5-10-525 | Appraisal | 0 |
| 5-10-526 | Catastrophic Insuance | 2500 |
| 5-10-527 | Licenses and Fees (Notary) | 0 |
| 5-10-529 | County Terminal Rental | 0 |
| | **Total Contractual Services** | **4500** |

| | | |
|---|---|---|
| **Communications** | | |
| 5-10-530 | Postage | 0 |
| 5-10-531 | Publishing | 0 |
| 5-10-532 | Printing | 0 |
| 5-10-533 | Other Communication | 0 |
| | **Total Communications** | **0** |
| **Professional Deveolpment** | | |
| 5-10-540 | Dues | 0 |
| 5-10-541 | Continuing Education | 750 |
| 5-10-542 | Subscriptions | 0 |
| 5-10-543 | Mileage | 300 |
| 5-10-544 | Per Diem & Lodging | 300 |
| 5-10-545 | Conferences and Conventions | 0 |
| | **Total Professional Development** | **1350** |
| **Utlities** | | |
| 5-10-550 | Electric Town Center | 0 |
| 5-10-551 | Natural Gas Town Center | 0 |
| 5-10-552 | Water/Sewer Town Center | 0 |
| 5-10-553 | Disposal Service Town Center | 0 |
| 5-10-554 | Telephone | 0 |
| | **Total Utilities** | **0** |
| **General Services** | | |
| 5-10-560 | Office Supplies | 0 |
| 5-10-561 | Operating Supplies | 0 |
| 5-10-562 | Misc | 0 |
| | **Total General Services** | **0** |
| Grants Awarded | | |
| 5-10-570 | Youth Organizations | 1000 |
| 5-10-571 | Senior Organizations | 1000 |
| 5-10-572 | Outreach Organizations | 0 |
| 5-10-573 | Health Services | 0 |
| 5-10-574 | Misc Services | 1000 |
| | **Total Grants Awarded** | **3000** |
| **Capital Outlay** | | |
| 5-10-580 | Building | 0 |
| 5-10-581 | Building Equipment | 0 |

| | | |
|---|---|---|
| 5-10-582 | Office Equipment | 0 |
| | **Total Capital Outlay** | **0** |
| **Emergency Assistance/General Assistance** | | |
| 5-20-590 | Hospital - Out Patient | 500 |
| 5-20-591 | Pharmaceuticals | 1,000 |
| 5-20-592 | Other Medical Services | 500 |
| 5-20-593 | Fuel | 300 |
| 5-20-594 | Client Utilities | 11,000 |
| 5-20-596 | Funerals | 500 |
| 5-20-597 | Flat Grant | 1,000 |
| 5-20-598 | Misc. Expense | 500 |
| | **Total EA/GA** | **15,300** |
| | **Total Fund** | **107,150** |
| | **Income vs. Expense Difference** | **0** |

# EXHIBIT 4

***Memorandum*** for the Avon Township Assessor

April 21, 2014

Dear Assessor Ditton,

On the advice of counsel and the Executive Director, Township Officials of Illinois I am officially notifying you that you are exposing the township to risk and liability with regards to the financial management of the Avon Township Assessor Division if you do not take corrective action immediately.

As you are well aware, Avon Township Board of Trustees and all principals have to make significant cuts to the Avon Township Budget for fiscal year 2014 through 2015 as a result of drastic revenue cuts put in to place by the previous administration. You have been advised several times the Board of Trustees are going to approve the budget that has been published for "public review" this past month. In that budget, we had to cut your initial request in order to make a better effort to live within our projected revenues for the coming fiscal year. I believe granting the Avon Township Assessor Division 48% of the Town's Corporate Fund to operate your office is adequate. No other Assessor Division in Lake County receives such a percentage of any Town's Corporate Funds.

If you do not take immediate action to "live" within your budget, I will have no other alternative than to cease payment of certain entitlements because there will be no money left to pay these obligations as follows:

**Dental Insurance** – All employees and yourself will be dis-enrolled from the Dental Carrier on June 30, 2014.

**Health Insurance** – All employees and yourself will be dis-enrolled from Blue Cross & Blue Shield on July 31, 2014.

**Life Insurance** – All employees and yourself will be dis-enrolled from Life Insurance Coverage August 31, 2014.

**Salaries** – All employees will have to be terminated on October 24th.

I remind you that this reckless mis-management will open the township and yourself to litigation and public scorn. However, I am more disappointed that you would place your employees in jeopardy.

You will continue to receive such memorandums until such a time that you have taken corrective action or exhausted your allocated funds.

Sincerely

Lisa M. Rusch

Cc Attorney Dietz
Board of Trustees